RECORD NO. 15-1444

In The

# United States Court of Appeals

### For The Fourth Circuit

## RENEE L. MCCRAY,

*Plaintiff – Appellant*,

**v.**

## FEDERAL HOME LOAN MORTGAGE CORPORATION; WELLS FARGO BANK, N.A.; SAMUEL I. WHITE, P.C.; JOHN E. DRISCOLL, III; ROBERT E. FRAZIER; JANA M. GANTT; LAURA D. HARRIS; KIMBERLY LANE BITT; DEENA L. REYNOLDS, Substitute Trustees; JOHN DOES, 1-20; WELLS FARGO HOME MORTGAGE, d/b/a America's Servicing Company,

*Defendants – Appellees*.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND AT BALTIMORE

––––––––––––––

## BRIEF OF APPELLANT

––––––––––––––

Kenzie M. Rakes
MEYNARDIE & NANNEY, PLLC
2840 Plaza Place, Suite 360
Raleigh, North Carolina 27612
(919) 809-5158

*Counsel for Appellant*

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................ iii

JURISDICTIONAL STATEMENT ........................................................1

ISSUES PRESENTED..........................................................................1

STATEMENT OF THE CASE...............................................................2

    I.     Overview ....................................................................2

    II.    Loan Documents.........................................................2

    III.   McCray's Communications About the Loan with the Defendants.......3

SUMMARY OF ARGUMENT .............................................................5

ARGUMENT .......................................................................................6

    Standard of Review.......................................................6

    Discussion of Law ........................................................7

    I.     SAMUEL I. WHITE, P.C. AND THE SUBSTITUTE
         TRUSTEES ARE DEBT COLLECTORS AS DEFINED
         IN THE FAIR DEBT COLLECTION PRACTICES ACT ........7

         A.   McCray Alleged Facts to Show that SIWPC
             Defendants are Debt Collectors.........................................9

         B.   Whether a Person is Attempting to Collect a Debt in a
             Singular Dispute is Unrelated to Her Status as a Debt
             Collector ....................................................................10

             1.   McCray Alleged Facts to Show that SIWPC
                  Defendants were Attempting to Collect a
                  Debt ....................................................................11

i

2.  SIWPC Defendants' Actions were not
Incidental to a Fiduciary Obligation ....................12

II.  THE DISTRICT COURT IMPROPERLY
CONSIDERED DOCUMENTS OUTSIDE THE SCOPE
OF THE PLEADINGS IN RULING THAT MCCRAY
DID NOT TIMELY FILE HER 15 U.S.C. § 1641(G)
CLAIM .....................................................................13

III.  MCCRAY ALLEGED FACTS TO SHOW A
PLAUSIBLE ENTITLEMENT TO RELIEF FROM
WELLS FARGO FOR A VIOLATION OF 15 U.S.C.
§ 1641(G) .................................................................16

CONCLUSION ........................................................................18

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

TABLE OF AUTHORITIES

Page(s)

CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................6, 7

*Bradford v. HSBC Mortg. Corp.*,
    829 F. Supp. 2d 340 (E.D. Va. 2011)....................................14, 15

*Erickson v. Pardus*,
    551 U.S. 89 (2007)..........................................................................7

*In re Ahmadi*,
    467 B.R. 782 (Bankr. M.D. Pa. 2012)..........................................17

*Kaltenbach v. Richards*,
    464 F.3d 524 (5th Cir. 2006) ........................................................10

*U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*,
    745 F.3d 131 (4th Cir. 2014) ..........................................................7

*Warren v. Sessoms & Rogers, P.A.*,
    676 F.3d 365 (4th Cir. 2012), *as amended*, (Feb. 1, 2012) ............6

*Wilson v. Draper & Goldberg, PLLC*,
    443 F.3d 373 (4th Cir. 2006) ............................................11, 12, 13

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
    780 F.3d 597 (4th Cir. 2015) ..................................................15, 16

## STATUTES

12 U.S.C. § 2601 ...................................................................................1

15 U.S.C. § 1640(e) ............................................................................14

15 U.S.C. § 1641 .............................................................................1, 2

15 U.S.C. § 1641(g) ........................................................................*passim*

15 U.S.C. § 1641(g)(1).....................................................................14

15 U.S.C. § 1692 .................................................................................1

15 U.S.C. § 1692a(6) ....................................................................8, 9, 10

15 U.S.C. § 1692a(6)(F) ....................................................................8

15 U.S.C. § 1692a(6)(F)(i)............................................................11, 12

15 U.S.C. § 1692d ..........................................................................7, 11

28 U.S.C. § 1291 ................................................................................1

## RULES

Fed. R. Civ. P. 8(a)(2) .......................................................................6

Fed. R. Civ. P. 12(b)(6)................................................................2, 6, 15

Fed. R. Civ. P. 12(d) .....................................................................7, 13

## REGULATION

12 C.F.R. § 1026.39(a)(1) ................................................................16

OTHER AUTHORITIES

Brief of the Consumer Financial Protection Bureau as Amicus Curiae in Support of Plaintiffs-Appellants and Reversal, 12-13, *Birster v. Am. Home Mortg. Servicing, Inc.*, No. 11-13574, 2012 WL 2913786 (11th Cir. July 18, 2012) ............................................................................................10, 11

National Consumer Law Center, *Truth in Lending* § 5.15.2.2.3 (8th ed. 2012) ............................................................................................16

## JURISDICTIONAL STATEMENT

The complaint in this case invoked federal-question jurisdiction under 15 U.S.C. § 1692, 15 U.S.C. § 1641, and 12 U.S.C. § 2601. J.A. 225.

This Court has jurisdiction over this appeal under 28 U.S.C. § 1291. McCray is appealing from the district court order granting Wells Fargo's motion for summary judgment and closing the case to challenge the district court's January 24, 2014 order dismissing her Federal Debt Collection Practices Act ("FDCPA") claim and her claim under 15 U.S.C. § 1641. J.A. 307–08, 467–68.  The district court entered its order granting Wells Fargo's motion for summary judgment on March 27, 2015. J.A. 462–66. McCray filed her notice of appeal on April 23, 2015. J.A. 467.

## ISSUES PRESENTED

1.    Did McCray plausibly allege facts to show that SIWPC and the substitute trustees are debt collectors as defined in the FDCPA?

2.    Did McCray timely file her claim against Freddie Mac for its alleged violation of 15 U.S.C. § 1641(g)?

3.    Did McCray plausibly allege that her mortgage loan was transferred to Wells Fargo under 15 U.S.C. § 1641(g)?

1

<u>STATEMENT OF THE CASE</u>

I.    <u>Overview</u>

Plaintiff Renee L. McCray filed a pro se complaint asserting five causes of action against the defendants. J.A. 16–30. Actions taken by the defendants in relation to a loan that McCray entered into with American Home Mortgage Corporation are at the heart of the dispute between McCray and the defendants. J.A. 229–232.

Ultimately McCray's claims were unsuccessful. J.A. 307–08, 462–66. The district court granted the defendants' Rule 12(b)(6) motions to dismiss for all of her claims except for her Real Estate Settlement Procedures Act ("RESPA") claim against Wells Fargo; however, the district court later disposed of McCray's RESPA claim by granting Wells Fargo's motion for summary judgment. J.A. 307–08, 462–466. McCray timely filed her Notice of Appeal to challenge the dismissal of her claims under the FDCPA and 15 U.S.C. § 1641. J.A. 467. On October 21, 2015, this Court appointed Kenzie M. Rakes to represent McCray in her appeal. D.E. 85.

II.    <u>Loan Documents</u>

McCray refinanced her Baltimore home in October 2005 by entering into an agreement with American Home Mortgage. J.A. 229. As part of this agreement, McCray signed a promissory note and deed of trust. J.A. 229.

The terms of the promissory note provide that it may be transferred. J.A. 36. The promissory note was allegedly transferred to Federal Home Loan Mortgage Corporation ("Freddie Mac"). J.A. 229. However, McCray maintains that Freddie Mac never notified her that it owned the promissory note and there are no public records indicating that Freddie Mac owned the promissory note. J.A. 231, 235.

The deed of trust appointed Mortgage Electronic Registration Systems, Inc. ("MERS") to act as nominee for the lender and the lender's successors or assigns. J.A. 41–42. The MERS system assigned the deed of trust to Wells Fargo in June 2012. J.A. 62–63. The deed of trust was subsequently recorded by Wells Fargo in the Land Records for Baltimore City. J.A. 62–63.

Wells Fargo altered the deed of trust by appointing substitute trustees. J.A. 155–56. The Substitution of Trustee was prepared for Wells Fargo by Samuel I. White, P.C. ("SIWPC"), a law firm that specializes in debt collection. J.A. 156, 277. The substitution removed Douglas Douglas and Connie Iampieri as trustees on the deed of trust and appointed John E. Driscoll III, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane, and Deena L. Reynolds, all employees of SIWPC, to serve as substitute trustees. J.A. 155, 227–26.

III.   McCray's Communications About the Loan with the Defendants

McCray encountered issues with her loan in 2011. On June 14, 2011, she sent Wells Fargo a Qualified Written Request ("QWR") requesting information

about her loan. J.A. 229. Wells Fargo failed to timely respond to McCray's QWR, so she sent numerous follow-up requests. J.A. 229.

Despite the number of letters that McCray sent Wells Fargo, she alleged that she did not receive a letter from Wells Fargo until their August 15, 2012 notice informing her that her loan was delinquent. J.A. 230. This notice stated that it was "an attempt to collect a debt," and was received by McCray on August 20, 2012. J.A. 230. After receiving this notice, on August 23, 2012, McCray sent Wells Fargo a letter requesting validation of the debt. J.A. 230. Wells Fargo once again did not respond. J.A. 230.

On October 4, 2012, McCray received a Notice of Intent to Foreclose from SIWPC. J.A. 230. This notice also stated that it was "an attempt to collect a debt." J.A. 230. McCray sent SIWPC a letter requesting validation of the debt. J.A. 230. Yet again, McCray never received a response. J.A. 230.

On February 22, 2013, a Notice of Foreclosure was posted on McCray's front door. J.A. 231. Thereafter, McCray sent SIWPC, the substitute trustees, Wells Fargo, and Freddie Mac letters requesting validation of the debt. J.A. 231. McCray never received a response. J.A. 231.

McCray again attempted to obtain information from Wells Fargo about her loan by sending another QWR on March 5, 2013. J.A. 231. Wells Fargo never responded. J.A. 231. Thereafter, McCray filed a Notice of Dispute and Request for

4

Validation with the Circuit Court for Baltimore City. J.A. 232. On April 20, 2013, McCray received another Notice of Foreclosure Action. J.A. 232.

McCray's complaint alleges that Freddie Mac, Wells Fargo, SIWPC, and the substitute trustees violated the FDCPA by misrepresenting the character of her debt, the status of her debt, and trying to collect an unauthorized amount of money from her. J.A. 233. In addition, McCray's complaint alleges that Freddie Mac and Wells Fargo violated 15 U.S.C. § 1641(g) by not notifying her when her promissory note and deed of trust were transferred. J.A. 234–35.

## SUMMARY OF ARGUMENT

The district court dismissed McCray's FDCPA claim against SIWPC and the substitute trustees (together "SIWPC Defendants"), because McCray failed to allege that they were debt collectors. This holding should be reversed.

McCray, a pro se litigant, alleged facts to show that SIWPC Defendants sent her mail in an effort to collect a debt owed to another. *See infra* pp 7–13. Therefore, the district court's ruling should be reversed.

The district court dismissed McCray's claim against Freddie Mac under 15 U.S.C. § 1641(g) as untimely. This dismissal should be reversed because the district court considered documents outside the scope of the pleadings when ruling McCray's claim untimely. *See infra* pp 13–16.

5

Finally, the district court incorrectly dismissed McCray's claim against Wells Fargo under 15 U.S.C. § 1641(g). The court should have held that the assignment of the deed of trust was sufficient to state a claim when there was no information in the pleadings to show when the promissory note was transferred. *See infra* pp 16–17.

<u>ARGUMENT</u>

<u>Standard of Review</u>

This court applies de novo review to a district court's grant of a motion to dismiss for failure to state a claim. *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 373 (4th Cir. 2012), *as amended*, (Feb. 1, 2012).

A Rule 12(b)(6) motion to dismiss asks a court to determine if the pleader has satisfied Rule 8(a)(2)'s pleading standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8(a)(2) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must provide fair notice of the claim and the grounds supporting it. *Twombly*, 550 U.S. at 555. To satisfy this requirement, the pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

A court, when determining if a pleader has alleged enough facts to show a plausible entitlement to relief, must accept as true the factual allegations in the

complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But the court is not required to accept the truth of legal conclusions. *Id.*

This standard is less stringent when a court reviews a pro se complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). Pro se complaints are liberally construed no matter how inartfully they are pleaded. *Id.*

In addition, a court, when ruling on a motion to dismiss, should consider documents only specifically referenced in or integral to a complaint. *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014). This does not mean that the court is limited to documents attached to the complaint. *Id.* But it does mean that if the court considers documents attached to the motion to dismiss, those documents must be referenced in or integral to the complaint. *Id.* If the court considers matters outside of the pleadings, then it must treat the motion to dismiss as a motion for summary judgment and give the parties time to present materials relevant to a motion for summary judgment. Fed. R. Civ. P. 12(d).

<u>Discussion of Law</u>

I.     SAMUEL I. WHITE, P.C. AND THE SUBSTITUTE TRUSTEES ARE
       DEBT COLLECTORS AS DEFINED IN THE FAIR DEBT COLLECTION
       PRACTICES ACT.

The FDCPA regulates the conduct of only debt collectors. *See e.g.*, 15 U.S.C. § 1692d (2012) ("A debt collector may not engage in any conduct the

7

natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."). Thus, unless a person qualifies as a debt collector, the FDCPA does not control their conduct. The FDCPA defines a debt collector as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The FDCPA exempts several categories of people from the definition of debt collector. The relevant exemptions here are the exemptions for a person:

> collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation . . . [or] (iii) concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6)(F).

McCray alleged facts to show that SIWPC and the substitute trustees are debt collectors because they used the mail to regularly collect or attempt to collect debts owed to another and that they do not satisfy any exemption.

First, the district court treated SIWPC and the substitute trustees as one unit when reviewing their motion to dismiss, presumably because the substitute trustees were acting within the scope of their employment. J.A. 291-92. As a result, this

8

brief treats SIWPC and the substitute trustees alike with respect to McCray's FDCPA claim against them.

The district court erred in dismissing McCray's FDCPA claim against SIWPC Defendants. The district court appeared to reason that SIWPC Defendants are not debt collectors because their actions—pursuant to their fiduciary obligations—were not an attempt to collect a debt. J.A. 293–94. Thus, it is unclear if the court held that SIWPC Defendants are exempt from the definition of debt collectors or if they do not qualify as debt collectors.

This holding should be reversed for two reasons:

1.    McCray alleged facts to show that SIWPC Defendants are debt collectors; and

2.    Whether SIWPC Defendants are attempting to collect a debt in this case is unrelated to their status as debt collectors.

A.    <u>McCray Alleged Facts to Show that SIWPC Defendants are Debt Collectors.</u>

SIWPC Defendants are debt collectors if they are a business that (1) uses the mail (2) to regularly collect or attempt to collect a debt owed (3) to someone else. 15 U.S.C. § 1692a(6). McCray alleged that:

- SIWPC is a "Corporation that is also a debt collection law firm," J.A. 227;

- The substitute trustees are employees of SIWPC, J.A. 227–28;

9

- She received a letter from SIWPC on October 4, 2012, that stated it was "an attempt to collect a debt," J.A. 230;

- Freddie Mac or American Home Mortgage, not SIWPC, owns McCray's Promissory Note, J.A. 229; and

- Defendants are proceeding to foreclose on her house. J.A. 233.

Thus, McCray alleged enough facts to show that SIWPC Defendants regularly collect or attempt to collect debts, used the mail to send her a letter to attempt to collect a debt, and Freddie Mac or American Home Mortgage owned the debt. As a result, SIWPC Defendants qualify as debt collectors. *See* 15 U.S.C. § 1692a(6).

B.   <u>Whether a Person is Attempting to Collect a Debt in a Singular Dispute is Unrelated to Her Status as a Debt Collector.</u>

As previously discussed, a person is a debt collector if she uses an instrumentality of interstate commerce to regularly collect debts owed to another. 15 U.S.C. § 1692a(6). The determination of whether a person is a debt collector is unrelated to whether they are attempting to collect a debt in a particular dispute because a person can be a debt collector without attempting to collect a debt in a singular dispute. *Kaltenbach v. Richards*, 464 F.3d 524, 529 n.5 (5th Cir. 2006); *see also* Brief of the Consumer Financial Protection Bureau as Amicus Curiae in Support of Plaintiffs-Appellants and Reversal, 12-13, *Birster v. Am. Home Mortg. Servicing, Inc.*, No. 11-13574, 2012 WL 2913786 (11th Cir. July 18, 2012).

10

However, the FDCPA will regulate the debt collector's conduct only when the debt collector is attempting to collect a debt. *See e.g.*, 15 U.S.C. § 1692d. Thus, a debt collector who is attempting to collect a debt may be excluded from the definition of a debt collector—and the provisions of the FDCPA—if her attempts to collect a debt are incidental to a fiduciary obligation. 15 U.S.C. § 1692a(6)(F)(i).

The fiduciary exception applies to a debt collector if the debt collector is (1) attempting to collect a debt, and (2) those efforts are incidental to a fiduciary obligation. As a result, it was incorrect for the district court to determine that SIWPC Defendants were not debt collectors because they were not attempting to collect a debt. J.A. 294.

       1.     <u>McCray Alleged Facts to Show that SIWPC Defendants were Attempting to Collect a Debt.</u>

A person attempts to collect a debt when they initiate foreclosure proceedings or take actions surrounding foreclosure proceedings. *Wilson v. Draper & Goldberg*, 443 F.3d 373, 376 (4th Cir. 2006). For example, eviction notices are an attempt to collect a debt. *Id.* Any other interpretation of the FDCPA would result in a loophole "immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt." *Id. See also*, Brief of the Consumer Financial Protection Bureau as Amicus Curiae in Support of Plaintiffs-Appellants and Reversal, 11, *Birster.*, No. 11-13574, 2012 WL 2913786 (11th Cir. July 18, 2012).

SIWPC Defendants initiated foreclosure proceedings by sending McCray a Notice of Intent to Foreclose which stated: "This notice is Required by Maryland Law . . . a foreclosure action may be filed in court as early as 45 days from the date of this notice." J.A. 169. Thus, the notice was the first step in the foreclosure process. Furthermore, McCray received a Notice of Foreclosure Action and the defendants have proceeded to foreclose on McCray's house. J.A. 232–33.

These allegations demonstrate that SIWPC Defendants initiated foreclosure proceedings and as a result, were attempting to collect a debt. *See Wilson*, 443 F.3d at 376. Therefore, the district court erred when it stated that McCray "does not allege any facts indicating the SIWPC Defendants were engaged in any attempt to collect her debt." J.A. 294.

> 2. SIWPC Defendants' Actions were not Incidental to a Fiduciary Obligation.

A person whose efforts to collect a debt are *incidental* to a bona fide fiduciary obligation is exempt from the definition of debt collector. 15 U.S.C. § 1692a(6)(F)(i). This Court considered this exception in *Wilson*, 443 F.3d 373.

In *Wilson*, this Court considered if a trustee's actions, pursuant to a deed of trust, are incidental to a fiduciary obligation. *Id.* at 377. The Court concluded that "a trustee's actions to foreclose on a property pursuant to a deed of trust are not 'incidental' to its fiduciary obligations. Rather, they are central to it." *Id.* As a

12

result, a person cannot take advantage of the fiduciary exception when pursuing a foreclosure process to collect another's debt. *Id.*

SIWPC Defendants are the trustees on the deed of trust. J.A. 108, 227–28. McCray alleged that she received a "Notice of Intent to Foreclose" from SIWPC, and that the defendants have proceeded to foreclose on her house. J.A. 230, 233. Therefore, SIWPC Defendants pursued a foreclosure process to collect another's debt, and the district court erred in holding that SIPWC Defendant were not debt collectors.

## II.   THE DISTRICT COURT IMPROPERLY CONSIDERED DOCUMENTS OUTSIDE THE SCOPE OF THE PLEADINGS IN RULING THAT MCCRAY DID NOT TIMELY FILE HER 15 U.S.C. § 1641(G) CLAIM.

When a court rules on a Rule 12(b)(6) motion to dismiss, it cannot consider matters outside of the pleadings without converting the motion into a motion for summary judgment. Fed. R. Civ. P. 12(d). If a court considers matters outside of the pleadings, then the court must give the parties time to present information relevant to a motion for summary judgment. *Id.*

Here the district court considered matters outside of the pleadings without allowing the parties to present information relevant to a motion for summary judgment. If the district court had limited itself to the pleadings, it would have concluded that McCray's claim was timely filed.

13

Under 15 U.S.C. § 1641(g)(1), "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." If the creditor fails to notify the borrower, then the borrower may file an action in "any United States district court . . . within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Thus, a borrower may bring a claim for a violation of section 1641(g) within one year after the 30-day period for providing notice expires. However, if the notice is never sent, the statute of limitations is equitably tolled until the date the consumer should have been aware of the identity of the note holder. *Bradford v. HSBC Mortg. Corp.*, 829 F. Supp. 2d 340, 353 (E.D. Va. 2011) ("[T]his record points persuasively to the conclusion that the one-year limitations period was equitably tolled until May 24, 2011, the date on which HSBC and Ally advised Bradford that RFC was the noteholder.").

McCray alleged that Freddie Mac never notified her that it was the owner of her promissory note and there are no public records indicating that Freddie Mac owned her promissory note. J.A. 229-30, 235. The only document referenced in McCray's complaint, which was attached to SIWPC Defendant's Motion to Dismiss, that states that Freddie Mac has an interest in her loan is the October 2012

14

Notice of Intent to Foreclose. J.A. 169–73. McCray's May 2013 complaint, filed within one year of October 2012, is timely.

The district court's holding that McCray was aware that Freddie Mac owned her loan in October 2011 was improper when ruling on a Rule 12(b)(6) motion to dismiss. The October 2011 letter was not referenced in McCray's complaint and was not integral to her complaint.

A document is integral to a complaint if the complaint relies on the substance of the document to support its allegations. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). And it is not integral if it is referenced in general terms or was reviewed as part of the investigation of a case. *Id.*

The October 2011 letter is Wells Fargo's response to McCray's June 2011 letter. J.A. 93. While McCray's complaint specifically references her June 2011 letter and Wells Fargo's failure to timely respond, she never mentions receiving a reply from Wells Fargo. J.A. 229–30. McCray's RESPA claim against Wells Fargo relied on the fact that Wells Fargo failed to timely respond to her June 2011 letter, and Wells Fargo conceded that it failed to timely respond to McCray's June 2011 letter. J.A. 236–37, 301. Therefore, the content of Wells Fargo's October 2011 letter was not integral to McCray's complaint, and the district court improperly

15

considered its content when ruling McCray's claim was untimely. *See Zak*, 780 F.3d at 607.

### III. MCCRAY ALLEGED FACTS TO SHOW A PLAUSIBLE ENTITLEMENT TO RELIEF FROM WELLS FARGO FOR A VIOLATION OF 15 U.S.C. § 1641(G).

The district court failed to liberally construe McCray's complaint in her favor when dismissing her claim against Wells Fargo under 15 U.S.C. § 1641(g).

As previously discussed, section 1641(g) requires a new owner or assignee of a debt to notify the borrower within 30-days after the transfer or assignment of a mortgage loan. The use of the language "transfer or assignment of a mortgage loan," makes this statute confusing. National Consumer Law Center, *Truth in Lending* § 5.15.2.2.3 (8th ed. 2012). This is because mortgages are typically assigned while notes are usually transferred. *Id.* "Ordinarily, this would be a distinction without a difference because the note and the mortgage would be transferred together, but recent years have seen increasing numbers of cases where ownership of the note and mortgage has been split." *Id.* In spite of this confusion, the statute is usually interpreted to mean that notice is required only when legal title to the debt obligation is transferred. 12 C.F.R. § 1026.39(a)(1) (official interpretation).

The United States Bankruptcy Court for the Middle District of Pennsylvania has addressed what is required to allege, at the pleading stage, that a mortgage loan

has been transferred. *In re Ahmadi*, 467 B.R. 782 (Bankr. M.D. Pa. 2012). The plaintiff there alleged that the mortgage was sold, but the only evidence before the court was two different MERS assignments of the mortgage—the security interest—and not the loan document. *Id.* at 791. The court determined that the assignment of the mortgage was enough to state a claim when the record before the court did not reflect when the loan was transferred. *Id.*

McCray alleged that the deed of trust was assigned to Wells Fargo and recorded in the Land Records for Baltimore City. J.A. 235. McCray also alleged that according to the defendants her promissory note was sold, but that she was never provided with notice of the sale of her promissory note, and there are no records indicating who owns her loan. J.A. 231, 236. In addition, there were no documents before the district court identifying the owner of McCray's promissory note. Thus, the district court should have liberally construed McCray's pro se complaint to allege a violation of 15 U.S.C. § 1641(g) based on the assignment of the deed of trust, which was attached to McCray's complaint. *See In re Ahmadi*, 467 B.R. at 791.

<u>CONCLUSION</u>

McCray respectfully requests that this Court reverse the district court's dismissal of her FLSA claim and her claims against Wells Fargo and Freddie Mac for violations of 15 U.S.C. § 1641(g).

This the 30th day of November, 2015

MEYNARDIE & NANNEY, PLLC

<u>/s/ Kenzie M. Rakes</u>
Kenzie M. Rakes
N.C. State Bar No. 46349
kenzie@mnlaw-nc.com
2840 Plaza Place, Suite 360
Raleigh, NC 27612

<u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P.
      28.1(e)(2) or 32(a)(7)(B) because:

      [ X ] this brief contains [*3,949*] words, excluding the parts of the brief
      exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

      [     ] this brief uses a monospaced typeface and contains [*state the number
      of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P.
      32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P.
      32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

      [ X ] this brief has been prepared in a proportionally spaced typeface using
      [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

      [     ] this brief has been prepared in a monospaced typeface using [*state
      name and version of word processing program*] with [*state number of
      characters per inch and name of type style*].

Dated: November 30, 2015            /s/ Kenzie M. Rakes
                                    *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 30th day of November, 2015, I caused this Brief

of Appellant and Joint Appendix to be filed electronically with the Clerk of the

Court using the CM/ECF System, which will send notice of such filing to the

following registered CM/ECF users:

| | |
|---|---|
| Michael S. Barranco | Robert H. Hillman |
| TREANOR, POPE & HUGHES, PA | SAMUEL I. WHITE PC |
| 500 York Road | 611 Rockville Pike, Suite 100 |
| Towson, Maryland  21204 | Rockville, Maryland  20850 |
| (410) 494-7777 | (301) 804-3385 |
| | |
| *Counsel for Appellees Federal* | *Counsel for Appellees Samuel I.* |
| *  Home Loan Mortgage Corporation* | *  White, P.C., John E. Driscoll, III* |
| *  and Wells Fargo Bank, N.A.* | *  Robert E. Frazier, Jana M.* |
| | *  Gantt, Laura D. Harris,* |
| | *  Kimberly Lane Bitt, and Deeana* |
| | *  L. Reynolds, Substitute Trustees* |

I further certify that on this 30th day of November, 2015, I caused the

required copies of the Brief of Appellant and Joint Appendix to be hand filed with

the Clerk of the Court.

/s/ Kenzie M. Rakes
*Counsel for Appellant*